E-FILED
Monday, 20 July, 2026 02:17:02 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| DEMERUS TODD GORDON, | ) | |
| | ) | |
| Defendant-Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 4:20-cr-40059-SLD-1 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Respondent. | ) | |

ORDER

Before the Court are Defendant-Petitioner Demerus Todd Gordon's motion under 28 U.S.C. § 2255, ECF No. 42, motion to supplement the § 2255 motion, ECF No. 47, and motion for status, ECF No. 56. For the reasons that follow, the § 2255 motion and the motion to supplement are DENIED and the motion for status is MOOT.

**BACKGROUND**

In November 2020, Gordon was charged in a four-count indictment with: 1) distribution of marijuana in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D); 2) possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D); 3) possession of a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c)(1)(A); and 4) being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2). *See generally* Indictment, ECF No. 1. The Federal Public Defender's office was appointed to represent Gordon, Nov. 24, 2020 Min. Entry, but later withdrew due to a conflict of interest, Mot. Withdraw, ECF No. 15; Mar. 22, 2021 Text Order. Attorney Murray Bell was appointed to represent Gordon. *See* Mar. 22, 2021 Text Order.

Gordon pleaded guilty to counts three and four of the indictment pursuant to a written plea agreement. May 25, 2022 Min. Entry; Plea Agreement, ECF No. 23. Through the plea

agreement, Gordon stipulated the following facts. First, law enforcement recovered from Gordon's residence "a Sig Sauer .380 handgun (loaded with a round chambered) in the dining room," "a Ruger .38 caliber revolver (loaded but with no round chambered) in a living room adjacent to the dining room," and "an Anderson-Manufacturing 5.56mm rifle (loaded but with no round chambered) in the upstairs master bedroom under the bed." Plea Agreement ¶ 32. Second, Gordon admitted to police that he was a felon. *Id.* Third, "law enforcement confirmed that all three firearms and accompanying ammunition traveled in interstate commerce prior to" Gordon's possession. *Id.* Fourth, Gordon "possessed the firearms in furtherance of his marijuana dealing, to protect himself, his drugs, and his drug proceeds" and he "did so while knowing that he was a felon prohibited from possessing firearms and ammunition." *Id.* Gordon signed the plea agreement, acknowledging that he entered into the agreement voluntarily because he was guilty. *Id.* ¶ 40.

On October 26, 2022, the Court sentenced Gordon to 36 months of imprisonment on count four (the felon-in-possession charge) and a consecutive 60 months of imprisonment on count three. Judgment 1–2, ECF No. 38. No appeal was filed.

Gordon's § 2255 motion raises one claim of ineffective assistance of counsel. *See* 2255 Mot. 4. Gordon argues that counsel was ineffective for failing to challenge whether he possessed the gun and for not raising a defense under *Rehaif v. United States*, 588 U.S. 225 (2019). 2255 Mot. 4. The Government argues that the claim "is without merit." Resp. 1, ECF No. 46. In February 2024, Gordon moved to supplement his § 2255 motion to include a claim that his § 922(g)(1) conviction is invalid under *New York State Rifle & Pistol Assoc., Inc. v. Bruen*, 597 U.S. 1 (2022), and subsequent caselaw. Mot. Supplement 1. The Government argues that the

2

claim Gordon seeks to add is time-barred, waived, and without merit, so the motion to supplement should be denied.  *See* Resp. Mot. Suppl. 1, ECF No. 53.

## DISCUSSION

### I.    Section 2255 Motion

#### a.  Legal Standard

A prisoner in federal custody may move for the court that imposed his sentence to vacate, set aside, or correct it.  28 U.S.C. § 2255(a).  "[R]elief under § 2255 is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process."  *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007).  Accordingly, such relief "is available only when the 'sentence was imposed in violation of the Constitution or laws of the United States,' the court lacked jurisdiction, the sentence was greater than the maximum authorized by law, or it is otherwise subject to collateral attack."  *Torzala v. United States*, 545 F.3d 517, 521 (7th Cir. 2008) (quoting 28 U.S.C. § 2255(a)).

The Sixth Amendment guarantees criminal defendants the right to the effective assistance of counsel.  U.S. Const. amend. VI.  Claims of ineffective assistance of counsel are subject to the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).  This test requires a defendant to show that his counsel's performance "fell below an objective standard of reasonableness" and that he suffered prejudice as a result.  *Id.* at 687–88, 692.  The court applies "a strong presumption that decisions by counsel fall within a wide range of reasonable trial strategies."  *United States v. Shukri*, 207 F.3d 412, 418 (7th Cir. 2000) (quotation marks omitted).  The defendant "must rebut this presumption by proving that his attorney's representation was unreasonable under prevailing professional norms and that the challenged

3

action was not sound strategy." *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986). To demonstrate prejudice, "the [d]efendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

### b. Analysis

#### i. Failure to Challenge Possession

Gordon first argues that his counsel was ineffective because he failed to argue that Gordon did not possess the firearms he was charged with possessing. 2255 Mot. 4. He argues that "[t]he evidence in the case shows that [he] never had possession of the firearms" and that "because the house was not owned by [him], constructive possession should not be consider[ed]." *Id.*

It is not clear how Gordon thinks his counsel should have raised this issue. Because he pleaded guilty and admitted that he possessed the firearms, he would have been unable to challenge the possession element of his charges later in the case. *See United States v. Turner*, 55 F.4th 1135, 1139 (7th Cir. 2022) ("A defendant who enters an unconditional guilty plea waives all nonjurisdictional defects arising before his plea . . . ."). So he must be arguing that his counsel made a pre-plea error.

The Government frames Gordon's argument as faulting his attorney for failing to challenge the indictment, *see* Resp. 15, but "[c]hallenging an indictment is not a means of testing the strength or weakness of the government's case, or the sufficiency of the government's evidence." *United States v. Moore*, 563 F.3d 583, 586 (7th Cir. 2009) (quotation marks omitted). As relevant here, an indictment need only "state all of the elements of the crime charged" and "adequately apprise the defendant of the nature of the charges so that he may prepare a defense."

*United States v. Smith*, 230 F.3d 300, 305 (7th Cir. 2000).  The indictment here certainly alleges the possession element of both the § 922(g)(1) and § 924(c)(1)(A) charges.  As to the § 922(g)(1) charge, it alleges that Gordon "knowingly possessed firearms and ammunition" and identifies the specific firearms and ammunition at issue.  Indictment 3.  As to the § 924(c)(1)(A) charge, it alleges that Gordon "knowingly possess[ed] firearms in furtherance of" the possession of marijuana with intent to distribute alleged in count two to have occurred on July 31, 2020.  *Id.* at 2.  A challenge to the indictment would not be an appropriate vehicle for challenging whether the Government could eventually prove its case.

The most plausible claim Gordon could make is that his counsel failed to properly advise him about whether to plead guilty or go to trial to pursue a defense of lack of possession.  But even that claim fails.  Possession for purposes of § 922(g)(1) and  § 924(c)(1)(A) "may be either actual or constructive."  *United States v. White*, 95 F.4th 1073, 1078 (7th Cir. 2024).  "Whereas direct physical control over a thing constitutes actual possession, constructive possession is established when a person, though lacking such physical custody, still has the power and intent to exercise control over the object."  *United States v. Mickles*, 177 F.4th 859, 861 (7th Cir. 2026) (alteration and quotation marks omitted).

The record shows that Gordon was not physically holding any of the three seized firearms; instead, they were found in other rooms at the residence.  *See* Plea Agreement ¶ 32. Accordingly, only constructive possession is at issue.  Gordon argues that he could not have constructively possessed the firearms because he did not own the house they were seized from. But that he did not *own* the residence does not preclude a finding of constructive possession. There are two ways to prove constructive possession of firearms on a property: first, by showing "that the defendant had exclusive control over the property where the contraband was

5

discovered," *United States v. Griffin*, 684 F.3d 691, 695 (7th Cir. 2012) (quotation marks omitted); second, by showing that the defendant had a substantial connection to the contraband, *id.* at 695–98.  Neither requires proof of ownership of a property.

The presentence investigation report indicates that Gordon shared the residence where the guns were found with his girlfriend, Kaylee, such that Gordon did not have exclusive control over the residence.  *See* Presentence Investigation Report ("PSR") ¶ 21, ECF No. 27.  To prove that Gordon constructively possessed the guns found in the house, then, the Government would have needed to show a substantial connection between Gordon and the firearms.  *Griffin*, 684 F.3d at 697.  Facts supporting a substantial connection exist here.  Gordon admitted to police officers that he "would get shot when he did not have a gun" and that the Anderson Manufacturing AR-15 "was collateral from a customer who owed him money," PSR ¶ 21.  And one of the handguns was found in a large bag with marijuana, which Gordon acknowledged in the plea agreement that he distributed.  *Compare id.* ¶ 19, *with* Plea Agreement ¶ 32.

In the face of these admitted facts, counsel did not perform deficiently by failing to advise Gordon to go to trial so he could pursue a lack of possession defense.  Moreover, Gordon has not even alleged that if he had been differently advised, he would have gone to trial.  Accordingly, he cannot demonstrate prejudice.  *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (holding that to demonstrate prejudice arising out of ineffective assistance during the plea process "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial").[1]

---

[1] In his reply, Gordon seems to argue that the Court cannot rely on the statements he made to law enforcement because they should have been suppressed as some were made before he was given his *Miranda* rights and the others were tainted by the pre-*Miranda* questioning.  Reply 2–3, ECF No. 49.  But the only evidence in the record shows that the relevant statements were made after Gordon was read his *Miranda* rights.  *See* PSR ¶ 21; Plea Agreement ¶ 32 ("Police mirandized the defendant, who admitted that he was a felon . . . .").

### ii.   Failure to Raise *Rehaif* Defense

Gordon next argues that counsel was ineffective for failing to raise a *Rehaif* defense. 2255 Mot. 4.  In *Rehaif*, the Supreme Court held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif*,  588 U.S. at 237.  Felons (or, more technically stated, those who have been convicted of crimes punishable by imprisonment for more than one year) are prohibited from possessing firearms and ammunition under § 922(g)(1).

Again, it is unclear how Gordon believes his counsel should have raised a *Rehaif* defense. The indictment specifically alleges that Gordon possessed firearms and ammunition "knowing that he previously had been convicted of a crime punishable by imprisonment for a term exceeding one year."  Indictment 3.  And because he pleaded guilty, he waived any arguments about the sufficiency of the evidence.  *See United States v. Lacey*, 569 F.3d 319, 323 (7th Cir. 2009) (holding that because the defendant had "not asked to set aside his guilty plea, [the court would] not entertain his challenge to the sufficiency of the evidence").

Even if the Court construed the claim broadly to be something like Gordon's counsel failed to advise him about *Rehaif*, leading him to plead guilty when he should have tried to fight the charge at trial, the claim fails.  Both in the plea agreement and during the plea colloquy, Gordon specifically admitted that he knew he was a felon.  Plea Agreement ¶ 32; Plea Hr'g Tr. 17:3–5, ECF No. 45.  These statements are presumed to be true.  *See Bridgeman v. United States*, 229 F.3d 589, 592 (7th Cir. 2000).  Gordon cannot obtain relief under § 2255 "by the expedient of contradicting statements freely made under oath, unless there is a compelling reason for the disparity." *Wozny v. Grams*, 539 F.3d 605, 609–10 (7th Cir. 2008) (quotation marks omitted).

Moreover, Gordon does not contend in his § 2255 motion or reply that he was unaware he was a felon and thus in a category of people prohibited from possessing firearms. *See* 18 U.S.C. § 922(g)(1). And, finally, the plea agreement and the plea hearing transcript reveal that Gordon was made aware that one essential element of his § 922(g)(1) charge was that he was aware of his status as a felon. *See* Plea Hr'g Tr. 13:4–21; Plea Agreement ¶ 6. The Court cannot conclude based on this record that counsel performed deficiently by failing to argue that Gordon did not know he was in a category of individuals barred from possessing firearms or that there is a reasonable probability that any such argument would have been successful or led Gordon to go to trial rather than plead guilty.[2]

## II.    Motion to Supplement

Gordon seeks leave to supplement his § 2255 motion with a claim that his § 922(g)(1) conviction is unconstitutional under *Bruen*. Mot. Supplement 1.

"Because the Rules Governing Section 2255 Proceedings . . . do not deal with amendments to motions for collateral review," district courts rely on Federal Rule of Civil Procedure 15 to determine whether to grant a motion to amend. *Johnson v. United States*, 196 F.3d 802, 805 (7th Cir. 1999). Pursuant to Federal Rule of Civil Procedure 15(a), the court should grant leave to amend "freely . . . when justice so requires." But "[a] district court may properly deny a motion to amend as futile if the proposed amendment would be barred by the statute of limitations." *Rodriguez v. United States*, 286 F.3d 972, 980 (7th Cir. 2002). New claims in a proposed amended § 2255 must either "independently meet the statute of limitation"

---

[2] Based on how Gordon refers to *Rehaif* in his briefing, it appears he might misunderstand what *Rehaif* stands for. *See* 2255 Mot. 4 ("Mr. Gordon did not have possession of the weapons and was not in the same room as the firearms when he was arrested. Therefore a Rehaif defense could have made a significant difference in the Petitioner's sentence . . . . ."); Reply 1 ("If defense counsel would have raised a Rehaif defense he could have argued against possession and constructive possession."). A *Rehaif* defense would simply be that he was not aware that he was in a category of people prohibited from possessing firearms.

or relate back to the filing of the original motion. *Riney v. United States*, No. 15-3783, 2017 WL 3426473, at *1 (7th Cir. Feb. 10, 2017) (citing *Mayle v. Felix*, 545 U.S. 644 (2005)); *Rodriguez*, 286 F.3d at 981 (noting that the petitioner's original claim was filed within the deadline but the claim in his motion to amend was filed after the 2255 deadline expired, then proceeding to discuss whether the new claim related back to the original motion).

The *Bruen* claim does not relate back to the original § 2255 motion because it would add a new claim for relief—that Gordon's § 922(g)(1) conviction is unconstitutional. *See Rodriguez*, 286 F.3d at 981 (noting that courts have denied amendments "that would add a new claim or theory of relief" and collecting cases). Thus, to be timely, it must independently satisfy the statute of limitations. The one-year statute of limitations for a claim in a § 2255 motion runs from the latest of four dates, 28 U.S.C. § 2255(f), two of which are potentially relevant here: the date the judgment of conviction becomes final and the date on which a new right is recognized by the Supreme Court. Gordon's conviction became final in early November 2022, when his time to appeal expired. *See* Judgment (entered October 26, 2022). Even assuming *Bruen* recognized a new right, it did not extend Gordon's filing deadline because it was issued in June 2022, *see Bruen*, 597 U.S. at 1, before Gordon's time to appeal expired. Gordon's motion to supplement, filed in February 2024, *see* Mot. Suppl. 2, was filed more than one year after Gordon's conviction became final, so the claim Gordon seeks to add to his 2255 motion is not timely.

Even if it were, it is without merit. The Seventh Circuit, applying *Bruen*, has held that § 922(g)(1) is constitutional on its face, *United States v. Prince*, 171 F.4th 1009, 1011 (7th Cir. 2026), and as applied to individuals like Gordon with prior felonies for possession of drugs with

9

intent to distribute, *see United States v. Watson*, 171 F.4th 1012, 1024 (7th Cir. 2026); *see* PSR ¶ 46.

The motion to supplement is therefore denied.

### III.    Certificate of Appealability

When a district court enters a final order adverse to a § 2255 applicant, it must issue or deny a certificate of appealability.  Rule 11(a), Rules Governing § 2255 Proceedings.  A court may grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Gordon has not made a substantial showing of the denial of a constitutional right, so the Court denies a certificate of appealability.

### CONCLUSION

For the foregoing reasons, Defendant-Petitioner Demerus Todd Gordon's motion under 28 U.S.C. § 2255, ECF No. 42, and motion to supplement the § 2255 motion, ECF No. 47, are DENIED.  The motion for status, ECF No. 56, is MOOT in light of this ruling.  The Clerk is directed to enter judgment on the § 2255 proceeding.

Entered this 20th day of July, 2026.

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE